*A. B. Carlton* and *P. A. Parks*, for appellants.

---

STEVENS *v.* NEVITT and Others.

Where the record does not show that the motion for a new trial was in writing, the insufficiency of the evidence to sustain the verdict, is not available as error, in this Court.

*Friday,
December 7.*

APPEAL from the *Dearborn* Common Pleas.

DAVISON, J.—In this case, the errors assigned on the record relate, exclusively, to the insufficiency of the evidence to sustain the finding of the Court, to whom the cause was submitted for trial. But it is suggested that there was no proper motion for a new trial. In reference to that point, the record entry is in these words: "*And here the testimony closed, and being all the testimony*, the Court found for the plaintiff, whereupon the plaintiff moved for a new trial, because the finding of the Court is contrary to law and evidence; which motion the Court overruled, and the plaintiff excepted," &c. The statute says: "The application for a new trial, must be

by motion, upon written cause filed at the time of making the motion." 2 R. S., § 355, p. 119. Under this statute, we have held that, "A motion for a new trial must be in writing, and where the record does not show that the motion was thus made, no question is presented upon the evidence." *Kirby* v. *Cannon*, 9 Ind. 371. As the record before us does not show that the motion for a new trial, in this case, was in writing, the errors assigned are not available in this Court. And further, it may be noted that, in the record, there is no proper averment that it contains "all the evidence given in the cause." Indiana Dig. p. 722, rule 30.

*Per Curiam.*—The appeal is dismissed, with costs.

*D. S. Major*, for appellant.