No. 898.

## WHEELER *v.* BARR ET AL.

APPEAL. — *New Trial.—Oral and Written Motion for.— Entry of Judgment Before Written Motion is Filed.—Effect on Time for Appeal.*—Where a cause was tried on the 16th of September, 1891, and on the same day a motion was made for a new trial which was overruled, and the same day judgment was rendered; and on September 28th, 1891, the transcript shows that the plaintiff filed a written motion for a new trial, which was overruled, and exceptions taken thereto, and an appeal asked, etc., the appellant has one year from September 28th in which to perfect his appeal. The first motion for a new trial not being shown to have been in writing, it must be presumed to have been oral, and as the statute requires such motions to be in writing, the appellant had a right any time during the term to make such motion, even though an oral one had been disposed of; and the judgment, for the purpose of appeal, would date from the overruling of such motion, although the judgment had been previously entered.

SAME.—*Transcript of Record.—Failure to Make Marginal Notes.—Effect on Appeal.*—Where there are no marginal notes on the transcript, it is in the discretion of the court to either dismiss the appeal or have the notes made at the expense of the appellant.

From the Whitley Circuit Court.

*J. W. Arthur, J. D. Wurtsbaugh* and *S. A. Haas,* for appellant.

*T. R. Marshall* and *W. F. McNagney,* for appellees.

REINHARD, C. J.—The appellees have filed a motion to dismiss this appeal, and have assigned therefor two causes:.

1. The record and assignment of errors were not filed in this court until the expiration of more than one year from the time of the rendition of the judgment.

2. That the transcript and alleged brief filed in support of the assignment of errors does not comply with the rules of this court touching the same.

The cause was tried in the court below, as the record shows, on the 16th day of September, 1891. The suit was upon a promissory note. The defendant Joshua Simon

Wheeler *v.* Barr *et al.*

was defaulted, and judgment entered against him. The court found in favor of the other two defendants, Barr and Orndorff. The record further shows that on the same day the trial was had the plaintiff moved the court for a new trial as against the defendants Barr and Orndorff, which motion was overruled, and judgment rendered for said defendants. All this occurred on September 16. On the 28th day of September, 1891, as it appears from the transcript, the plaintiff filed a written motion for a new trial in the cause, and assigned therein certain causes. This motion was overruled, and an exception taken on the same day, and ninety days' time was given the plaintiff to file his bill of exceptions.

If the judgment from which this appeal is taken was in contemplation of law rendered on the 16th day of September, 1891, the appeal was not taken in time. The transcript was filed in this court September 22, 1892, which was six days after the expiration of the year provided by the statute, within which an appeal may be taken. The first motion must be taken to have been an oral one, as nothing is shown in the record to the effect that it was in writing. But it is required by the statute that the motion be in writing, and unless it is so it will not be considered an appeal. R. S. 1881, section 562; *Whaley* v. *Gleason*, 40 Ind. 405; *Shover* v. *Jones*, 32 Ind. 141; *Stevens* v. *Nevitt*, 15 Ind. 224.

The appellant had a right, at any time during the term, to present such a motion for a new trial as is sufficient in form and substance to enable him to have the questions raised ruled upon, both in the court below and in this court, and we know of no reason why he could not properly file a written motion after an oral one had been disposed of. He had until the close of the term to present his written motion for a new trial, and have a ruling on the same. The ruling upon the written motion was the final disposition of the case. The statute is that he shall

have one year from the rendition of the judgment in which to take an appeal. R. S. 1881, section 633.

In legal contemplation, there is no final judgment until the motion for a new trial has been overruled, though the formal judgment on the verdict or finding had been entered previously. *New York, etc., R. R. Co.* v. *Doane,* 105 Ind. 92; *Joyce* v. *Dickey,* 104 Ind. 183.

The appellant was, therefore, entitled to take his appeal at any time within one year after the 28th day of September, 1891, and the transcript having been filed here on the 22d day of September, 1890, we think the appeal was in ample time.

The second ground upon which a dismissal is asked is that there are no marginal notes, and that appellant's brief contains no references by line and page, to the transcript.

While the court, perhaps, has the right to dismiss an appeal for the reason that there are no marginal notes to the transcript, the remedy is one within the court's discretion, and is not often resorted to. The better rule is, we think, for the court to have the notes made at the expense of the appellant. Elliott's App. Proced., section 204.

There may be cases, however, when a dismissal for that reason would be proper, and we do not desire to establish an inflexible rule by this decision, which we shall be bound to adhere to at all times. It is the safest and best practice for counsel to have the record prepared so as to comply with all the rules of the appellate tribunal.

As to the alleged failure of counsel to make proper reference to the pages and lines of the transcript in their brief, we need not at this time decide what will be the effect thereof, and may have occasion to pass upon the question when we come to decide upon the merits of the appeal.

Motion to dismiss overruled.

Filed April 14, 1893.