## WEEK *v.* RAWIE.

### [No. 7,122.   Filed November 3, 1911.]

1. EVIDENCE.— *Depositions.— Rebuttal   Testimony.— Objections.—* An objection to certain parts of a deposition on the ground that they were admissible only in rebuttal is not well taken, where they are at all admissible under the issues, either directly, or in rebuttal of testimony which might be admitted.   p. 601.

2. EVIDENCE.— *Depositions.— Patent   Facts.— Objections.— When Made.*—Where grounds of objection are disclosed on the face of depositions, objections made at the trial are too late.   p. 601.

3. EVIDENCE.— *Conclusions.— Responsiveness.—* Questions to witnesses should not call for conclusions; and anwers of witnesses, whether in a trial, or in the taking of depositions, should be responsive to the questions propounded.   p. 601.

4. EVIDENCE.—*Admission.—Discretion.—Appeal.*—The trial court has a wide discretion as to the form and character of questions asked of witnesses at a trial, and such acts of discretion will be disturbed on appeal only for abuse thereof.   p. 602.

5. WORK AND LABOR.—*Evidence.—Explanations not Called for.—* In an action for work and labor, the plaintiff being asked if he had "any negotiations" with defendant relative to the work in question, his answer that he "did," followed by defendant's conversation in reference thereto is not harmful, where such conversation, though unresponsive, was admissible within the issues.   p. 602.

6. WORK AND LABOR.—*Evidence.—Conclusions.—*In an action for work and labor, the question to the plaintiff "Did you agree to take charge of said surveying?" called for a conclusion; but such question was not harmful, where the plaintiff had testified to the defendant's request for him to do the work and of his performance thereof, the request and performance entitling plaintiff to a recovery.   p. 602.

7. WORK AND LABOR.—*Evidence.—Declarations.—*In an action for work and labor, the plaintiff being asked to state what was said by defendant as to time of work and pay, his answer that defendant "agreed" to pay him $125 a month and expenses must have

been understood by the jury to mean that defendant "said" that he would pay him such sum, and was, therefore, harmless. p. 603.

8. WORK AND LABOR.—*Evidence.*—*Improper Question.*—*Proper Answer.*—In an action for work and labor, an improper question answered by a statement of the time plaintiff commenced and quit work, is harmless, such answers being competent. p. 603.

9. WORK AND LABOR.—*Evidence.*—*Person for Whom Labor was Performed.*—In an action for work and labor, the plaintiff being asked whether he had negotiations with anyone besides defendant for the performance thereof, his answer that he had not, followed by explanations that he had talked to no one else, does not constitute reversible error. p. 603.

10. WORK AND LABOR.—*Agreements of Agent to Pay.*—*Instructions.*—In an action against defendant for work and labor, an instruction that if plaintiff performed the work alleged, and was employed by an officer of a corporation to do such work for such company, and the work was done pursuant thereto, the defendant would not be liable "unless he expressly agreed to pay the same," is not erroneous, since an express promise by defendant to pay for work done at his request imports an original undertaking for himself, and such request coupled with performance by plaintiff shows a consideration for the contract. p. 604.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Henry Rawie against Edmund R. Week. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Willis S. Ellis,* for appellant.
*Kittinger & Diven,* for appellee.

MYERS, J.—This was an action by appellee against appellant, to recover a sum of money demanded for work and labor performed by him at the special instance and request of appellant. The complaint was answered by a general denial. A jury trial resulted in a verdict in favor of appellee for $159.75. Judgment was rendered on the verdict.

Appellant's motion for a new trial was overruled, and this ruling is assigned as error. Under this assignment all the questions to be considered are presented. The evidence in this case was in the form of depositions. Before the day of trial, appellant moved to suppress certain questions and an-

swers, and parts of answers, in appellee's deposition, and in the deposition of W. W. Huffman, a witness for appellee, but the motion was overruled. At the trial, while the depositions were being read to the jury, appellant objected to certain questions and answers, and moved to strike out certain answers and parts of answers, all of which objections and motions were by the court overruled. These rulings of the court are assigned as causes for a new trial.

We are not persuaded that they were erroneous. It frequently happens that portions of a deposition would be more properly admissible as evidence in rebuttal, but if the evidence thus proposed to be introduced is admissible at all under the issues, or if it would tend to rebut any evidence that might be introduced under the issues, an objection to its introduction because only admissible on rebuttal, is not well taken. *Indianapolis, etc., R. Co.* v. *Anthony* (1873), 43 Ind. 183. The depositions disclosed the grounds on which the objections were based, and for that reason other objections made at the trial came too late. *Newman* v. *Manning* (1883), 89 Ind. 422; *Fruchey* v. *Eagleson* (1896), 15 Ind. App. 88. After carefully reading all the evidence in the record, keeping in mind the motion to suppress, and the reasons supporting it, we have concluded that in some particulars it ought to have been sustained, although the court's refusal to do so did not amount to reversible error.

A question calling for the conclusion of a witness is a practice to be condemned, and an objection timely made to such question should be promptly sustained by the court. Another well-settled rule requires answers to be responsive to the question. These rules apply not only to the examination of witnesses before a jury, but also to evidence presented by deposition. In this case it is claimed that the trial court permitted flagrant violations of these rules, and this court is called on to review that court's action in the premises.

For the purpose of aiding the jury in reaching a correct determination of the issues, it must be conceded that the trial court has a wide discretion as to the form and character of the questions that may be asked a witness (*Indiana R. Co.* v. *Maurer* [1903], 160 Ind. 25; *Chicago, etc., R. Co.* v. *Long* [1896], 16 Ind. App. 401); and this court will not interfere with such discretion, unless it clearly appears that substantial injustice has resulted from its abuse. We shall not take the time to notice each question and answer to which the motion was addressed, as what we shall say in disposing of those we regard as most vital to this appeal will suffice to cover those not specially mentioned. The complaint, except the formal parts, is as follows: "Henry Rawie complains of Edmund R. Week, and says that said defendant is indebted to him, for work and labor done and performed at his special instance and request, in the sum of $105, which work and labor was done and performed in surveying in Laporte and Saint Joseph counties in the State of Indiana, and at the special instance and request of defendant; that it was done and performed in the year 1898; that there has been long and unreasonable delay in the payment thereof, and that there is due said plaintiff thereon said sum of $105, together with interest since 1899, which is wholly unpaid."

It appears that appellee, after stating that he had done some engineering work for appellant, for which work appellant paid him, was asked whether, after that time, he had "any negotiations" with appellant relative to any additional work, to which he answered: "I did;" adding what appears to be appellant's part of the conversation with reference to what he wanted him to do. This part of the answer was certainly not responsive to the question, but was clearly admissible under the issues, had the question called for the conversation. Following this answer was the question: "Did you agree to take charge of said surveying? and if so, and anything was

said as to the amount that was to be paid to you, and the time you were to work, state what it was." That part of the question, "Did you agree to take charge of said surveying?" called for a conclusion of the witness; but as the complaint proceeded on the theory of a claim for work and labor performed at appellant's special instance and request, and the witness having testified to the request, and having done the work, the question of whether he agreed to do the work was not a fact essential to appellee's recovery. While the form of the question was bad, and had its effect on the answer of the witness, which was, "I agreed to take charge of the work," yet, as we view this evidence, that part of the question and answer was not such as would work material harm to appellant. The remainder of the answer, evidently in response to the remaining part of the question, calling for what was said as to the amount he was to receive, is also subject to criticism. It was: "He agreed to pay me $125 a month and all expenses. He stated to me then and there that he would pay me for the work, or see that I was paid said amount." The vice of the answer is in the use of the word "agreed," but when considered in connection with the question calling for what was said on that subject, and in view of the latter part of the answer, the words "he agreed" were used by the witness in the sense of "he said" or "he stated," and we are inclined to believe that he was so understood by the jury.

The next question was objectionable, but the answer was not, for the reason that it merely stated the time he commenced to work and when he quit.

The next question to which objection is made was not improper, as it merely called for the fact as to whether the witness had ever had any negotiations with any one other than appellant. After answering in the negative, the witness stated that he knew of no other person promoting the enterprise (a traction line between Laporte and Michigan City), and that he (appellant) was the

only man he ever talked with in regard to the work. While, as we have said, the practice of permitting evidence to go to the jury in the form in which some of the evidence in this case was presented must be disapproved, yet from the entire record, and in view of the discretion of the trial court in such matters, we cannot say that it was abused to the extent of being grounds for a reversal of the judgment.

Appellant insists that instruction fourteen is erroneous. It reads as follows: "If you find that plaintiff performed the services alleged in the complaint, and if you find that plaintiff was employed by an officer or agent of the Northern Traction Company for and on behalf of said company, and said services were rendered in pursuance of such contract, then defendant in this case would not be liable *unless he expressly agreed to pay the same.*" Objection is made to the part of the instruction that we have italicized. It is insisted that under this instruction the jury would be warranted in finding against appellant, if he expressly agreed to pay for such services, whether or not there was any consideration for such promise. The instruction must be read in the light of the issues and the evidence. There is no claim that appellant made any promise to appellee after he began work, nor is it claimed by either party that appellant's promise was conditioned on the failure of any one else or of the Northern Traction Company to pay for the work. The wording "expressly agreed to pay the same," signifies a primary or original undertaking to pay, and such agreement is not within the statute of frauds. *Week* v. *Widgeon* (1899), 23 Ind. App. 405. It will not do to say that a promise on the one side and complete performance on the other is wanting in consideration, or that the promise cannot be enforced because there was no consideration.

Judgment affirmed.