## BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* MORRIS.

[No. 8,013. Filed November 7, 1913.]

1. APPEAL.—*Questions Reviewable.—Record.*—An alleged error relied on for reversal cannot be considered, where it is not set out in the assignment of errors attached to the transcript. p. 481.

2. APPEAL.—*Briefs.—Sufficiency.*—Although appellant's brief does not strictly and literally comply with Rule 22, if there has been such a substantial compliance as to present some of the questions arising on the motion for new trial, such questions will be considered. p. 481.

3. CARRIERS.—*Injuries to Passengers.—Evidence.—Sufficiency.*—In a passenger's action for injuries in alighting from a train, where the undisputed evidence sustains the allegations of the complaint, except upon the issue of defendant's negligence in failing to stop the train a reasonable time for plaintiff to alight, as well as on the question of plaintiff's diligence in attempting to alight, and the manner in which the injury was sustained, as to all of which the evidence was conflicting, a verdict for plaintiff was sustained by sufficient evidence. p. 482.

4. APPEAL.—*Review.—Evidence.—Judgment.*—The court on appeal cannot weigh conflicting evidence, and a judgment will not be

reversed on the evidence unless some material fact or issue upon which the verdict rests is wholly unsupported by any evidence. p. 483.

5. New Trial.—Sufficiency of Evidence.—Duty of Trial Judge.— On a motion for a new trial on the ground of insufficient evidence, the trial court must place itself in the position of the jury and carefully consider the weight of the evidence, and if the verdict is not fairly sustained by the preponderance of the evidence, it should unhesitatingly correct the error by granting a new trial. p. 483.

6. Appeal.—Review.—Harmless Error.—Admission of Evidence.— Conclusions.—In a passenger's action for injuries sustained in alighting from a train, although the admission of testimony for plaintiff that the train "made an unusually short stop at the station", was erroneous as involving a conclusion of the witness, the error was harmless where it was shown by the various witnesses that the length of the stop was from seven seconds to one minute, and defendant's witnesses stated that the train didn't stop quite as long as it usually does. p. 484.

7. Carriers.—Carriers of Passengers.—Duty to Stop Train.—A carrier of passengers owes to a passenger the duty to stop its train at the depot at his destination, and to keep it standing for a reasonable length of time to enable him to alight in safety, without haste or confusion, but in the exercise of reasonable diligence. p. 485.

8. Appeal.— Review.— Harmless Error.— Instructions.— Although the instructions given upon a branch of the case were erroneous, the cause will not be reversed therefor, where it appears from the jury's answers to interrogatories that the verdict would necessarily have been the same under correct instructions. p. 485.

9. Appeal.—Review.—Instructions.—Refusal.—An instruction directing attention to a particular class of evidence and informing the jury that it may consider such evidence, but which in no way limits the application of such evidence and does not designate any issue upon which it may be properly considered, can serve no useful purpose, since the jury is presumed to know that it may consider all evidence which the court permits to be introduced at the trial, so that the refusal of such an instruction is not error. p. 486.

From Jennings Circuit Court; *Francis M. Thompson,* Judge.

Action by Isaiah Morris against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Edward Barton, Thomas E. Wilson, William Fitzgerald* and *McMullen & McMullens,* for appellant.

*James H. Connelley, Bernard Korbly* and *Willard New,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment in the trial court for damages resulting from injuries alleged to have been received while a passenger on one of appellant's trains. As stated in appellant's brief the errors relied on for reversal are: (1) The overruling of appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict; (2) the overruling of appellant's motion for a new trial. The first of these alleged errors is not set out in the assignment of errors attached to the transcript and for this reason it cannot be considered.

When first filed, appellant's brief failed to comply with Rule 22 of this and the Supreme Court. It was so defective in this particular that it wholly failed to present for our consideration any question sought to be presented by the second error relied on for reversal. The brief on behalf of appellee called attention to the defects in appellant's brief whereupon appellant applied to this court for leave to make certain amendments to its original brief. This leave was granted upon condition that appellant pay the costs of printing and filing any additional brief on behalf of appellee which might be rendered necessary by such amendment. The brief of appellant was then amended. While the brief as amended does not strictly and literally comply with Rule 22, we think that it is sufficient without resort to the record to advise the court as to the questions presented for decision. We think that there is such a substantial compliance as presents some of the questions arising under the motion for a new trial.

The first question presented under the motion for a new trial is the sufficiency of the evidence to sustain the verdict.

The undisputed evidence sustains those allegations of
3.    the complaint which state that appellant was a common carrier of passengers and was operating a passenger train which passed through the towns of Osgood and Holton in this State. The evidence further shows without dispute that appellee boarded this train on the night in question at Osgood and paid his fare to Holton and that immediately after the train had left Holton on that night, appellee was found lying beside the track in an unconscious condition at a point about ten or fifteen feet west of the station platform. The negligence on which appellee relies for a recovery is that appellant negligently failed to stop its train at Holton for a reasonable length of time to enable him, in the exercise of ordinary diligence, to alight in safety. The evidence directed to this issue is conflicting. The evidence as to the length of time the train stopped varies from seven seconds to a minute or more. The evidence as to the diligence exercised by appellee in attempting to alight is also conflicting. Appellee testified that he was seated in the rear coach about one-third of its length from the rear end; and that when the station of Holton was announced, he got his things together and when the train stopped, that he moved right out onto the rear platform and down the steps of the coach; and that just as he reached the lower step the train started. He further testified that the starting and jerking of the train threw him off his balance, and that after the train started he was standing on the lower step, overbalanced, teetering and ready to fall off, that he had some bundles in his hands and was unable to regain his balance and that to keep from falling on his face he stepped off, and fell and was injured. Appellant claimed at the trial that appellee did not receive his injury by falling from the step in the manner stated by him in his testimony, but that he came out of the coach after the train had started to leave the station and that he voluntarily stepped or jumped from the train while it was in motion. Three witnesses, all of whom

were apparently disinterested, testified to a state of facts which, if believed, shows that appellee was not on the rear steps of the coach at the time the train started. These witnesses were all boys from 16 to 19 years of age. Two of them state that when the train started, they stepped up on the lower step at the rear of the train on the side next to the station, rode forty or fifty feet and then jumped off on the platform. The other one of these witnesses stated that he got upon the rear platform of the train about the time it started and that he came down the steps on the side next to the station after the train was in motion and jumped off at a point about three feet west of the end of the platform. These witnesses all testify that they saw appellee come out of the rear door of the coach after the train was in motion and that he started to come down the steps about the time they jumped off and that he jumped or fell from the steps after they had jumped off. One of these witnesses says that the train was going from twelve to fifteen miles an hour at the time appellee started to come down the steps. The evidence of the plaintiff when considered in connection with the other evidence in the case is sufficient to sustain the verdict on appeal. It is well settled that this court can-

4. not weigh conflicting evidence and that a judgment will not be reversed on the evidence unless some material fact or issue upon which the verdict rests is wholly unsupported by any evidence.

If the jury returned a verdict which was clearly against the great preponderance of the evidence, the duty of correcting this error rested with the trial court. When

5. a motion for a new trial is filed upon the ground that the verdict is not sustained by sufficient evidence it becomes the duty of the presiding judge to carefully consider the weight of the evidence. In passing upon this motion, he occupies the same position as that of the jury. He has seen and heard the witnesses testify and has observed their appearance and conduct while on the witness stand.

He is in a position to pass upon their credibility and to judge of the weight which should be given to the testimony. If the trial judge, in passing upon the motion for a new trial, conscientiously believes that the verdict returned by the jury is clearly against the weight of the evidence or that it is not fairly sustained by the preponderance of the evidence given at the trial, he should unhesitatingly set it aside. This is a responsibility which the trial judge cannot avoid or shift; and, if he fails to do his duty in this regard, the mistake cannot be corrected on appeal.

What has been said is not intended as a criticism of the jury that tried this case or of the judge who presided at the trial, but it is intended rather as a suggestion to trial courts in general. In considering the sufficiency of the evidence to sustain the verdict, the rule which applies in the trial court is essentially different from the rule which applies on appeal. The trial court should weigh the evidence and consider the credibility of the witnesses and should grant a new trial if substantial justice has not been done, while this court cannot weigh conflicting evidence but must uphold the verdict where there is some evidence to sustain it however slight such evidence may be. The consideration of a large number of cases on appeal has led this court to the belief that trial courts in passing upon the sufficiency of the evidence to sustain the verdict sometimes apply the rule which governs the decision of cases on appeal.

At the trial, the court permitted a witness, over the objection of appellant, to testify that the train on the night in question made an unusually short stop at the station 6. of Holton. The evidence was improperly admitted as it involves a conclusion of the witness based upon a comparison. Appellant insists that the error in admitting this evidence is sufficient to warrant this court in reversing the judgment. We have examined the record and find that evidence of the same character from witnesses called by both plaintiff and defendant was admitted without objection.

Bee Simpers, defendant's witness testified, ''I think the train stopped from between seven and fifteen seconds. It didn't stop quite as long as it usually does.'' James Williams, plaintiff's witness, testified, ''It made an unusually short stop.'' The length of the stop as shown by the testimony of various witnesses varied from seven to thirty seconds and the longest time fixed was about one minute. In view of this condition of the record we are convinced that the incompetent evidence complained of did not influence the verdict.

Appellant complains of some of the instructions given on the ground that they do not state with accuracy the duty which a railroad company owes to a passenger with reference to stopping its trains at the station where such passenger is to alight. It was the duty of appellant to stop its

7. train at the depot at Holton and to keep it standing for a reasonable length of time to enable all passengers who had reached their destination, including appellee, to alight in safety, without haste or confusion, but in the exercise of reasonable diligence. Appellant objects

8. to instruction No. 7 for the reason that it does not contain a correct and accurate statement of this duty. The instruction is open to this objection, but the error in giving it is shown to be harmless by the answers to interrogatories. These answers show that appellee was seated in the third or fourth seat from the rear end of the last coach, and that as soon as the train stopped at the station of Holton, the appellee promptly and without delay left his position in the seat and attempted to alight from the train; that he promptly and without delay walked to the rear platform of the car in which he was riding and descended to the lower step for the purpose of getting off, and that while he was on the lower step, the train started suddenly causing appellee to lose his balance and fall to the ground. These answers clearly show that appellee was exercising proper diligence in attempting to alight and that the train was not

stopped a reasonable length of time to permit him to do so in safety.   In view of these facts so found by the jury it is apparent that the verdict would necessarily have been the same under a correct instruction.   The appellant was not harmed by the defects in this instruction.   Appellant also complains of instructions Nos. 8, 9, 10 and 11.   The defects, if any, in these instructions are harmless to defendant for the reason that the facts to which we have referred as disclosed by the answers to interrogatories show that the verdict could not have been affected by such defects.   There was no error in the other instructions given.

The court refused to give certain instructions tendered and requested by appellant.   By instruction No. 4 so tendered, the court was requested to charge the jury that it had a right to take into consideration the fact, if shown, that other persons alighted from said train at the time plaintiff alleges that he alighted.   This instruction as tendered could serve no useful or proper purpose.   It directs attention to a particular class of evidence and informs the jury that it has a right to consider such evidence; but it does not limit the application of such evidence to any particular issue, and it does not designate the issue upon which it may be properly considered.   The jury is presumed to know that it has a right to consider all evidence which the court permits to be introduced at the trial, and an instruction such as this could not possibly aid it in correctly applying the evidence to the issues.   The judgment of the trial court is affirmed.

NOTE.—Reported in 103 N. E. 35.   See, also, under (1) 2 Cyc. 980; (2) Cyc. Anno. 1013; (4) 3 Cyc. 348; (5) 29 Cyc. 1006; (6) 38 Cyc. 1423, 1424; (7) 6 Cyc. 612; (8) 38 Cyc. 1815; (9) 38 Cyc. 1612-1614.   As to the carrier's duty to see that passenger has alighted before starting train at station, see 25 L. R. A. (N. S.) 217.   As to time allowed passenger to alight, see 4 L. R. A. (N. S.) 140.   As to the duty of a railroad company to allow passengers time to board or alight from trains, see 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas. 1912 C 794.