JOHNSON ET AL. v. GEPHART ET AL.

[No. 9,431.   Filed October 9, 1917.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—*Rules of Court.*—Appellant's brief is sufficient as against a motion to dismiss on the ground that it does not comply with Rule 22 of the Appellate Court by properly giving the page and line of the matter referred to in the record, where the brief purports to indicate the page and line of the transcript where the record set out or referred to will be found, and appellees have not pointed out wherein appellants have failed in this respect. p. 325.

2. APPEAL.—*Briefs.*—*Sufficiency.*—*Rules of Court.*—An appeal will not be dismissed on the ground that appellant's briefs fail to comply with Rule 25 of the Appellate Court, requiring briefs to be printed or typewritten on paper of a specified size, leaving a margin of at least one inch on the left side, where the briefs, except the covers, are printed, although the pages have little or no margins, the briefs so present at least some of the questions attempted to be raised that they can be determined without reference to the record. p. 326.

3. APPEAL.—*Briefs.*—*Sufficiency.*—*Motion to Dismiss.*—Whenever briefs are sufficient under the rules of court to present any question, a motion to dismiss the appeal because of the failure

of the brief to comply with the rules will be overruled, and the questions presented determined. p. 326.

4. APPEAL.—*Assignment of Error.—Refusal to Strike out Parts of Deposition.*—An assignment of error predicated on the overruling of a motion to strike out certain parts of a deposition presents no question for review. p. 326.

5. APPEAL. — *Review. — Examination of Witnesses.—Refusal to Strike Out Parts of Deposition.*—In an action to recover damages for the alleged wrongful removal from plaintiffs' land of certain buildings erected thereon under a lease and subsequently sold by the lessee to defendants, where the lessee, when asked by questions in his deposition whether he had been engaged in business in a certain city and if he knew the parties to the suit and whether plaintiffs claimed any right to the buildings prior to their sale, included in his answers statements to the effect that he had a right to sell the buildings, because he only rented the land for the year, that he agreed to, and did, pay one of the plaintiffs thirty dollars and also fifteen dollars to said plaintiff's wife, who claimed an interest in the land, that he just rented the ground and could do as he pleased with it, that it was customary for him in conducting his business to move his buildings from place to place, that he had a right to sell the buildings to defendants and they had a right to move them, and that it was the understanding between plaintiffs and himself that under the contract he could remove the structures at his pleasure, or allow a purchaser to do so, such statements were not responsive to the questions and involved conclusions of the witness, and it was reversible error, in view of the issues, for the trial court to overrule a motion to strike such answers from the deposition. pp. 328, 330.

6. EVIDENCE.—*Opinion Evidence.—Construction of Contracts.*— In an action to recover damages for the alleged wrongful removal of certain buildings from plaintiffs' land, where the question at issue and the ultimate fact to be determined by the jury was whether the lessee, who erected the structures and subsequently sold them to defendants, agreed to give the plaintiffs the buildings in controversy as a part consideration for use of the land, the lessee's testimony that he had a right to sell the buildings or remove them and that this was the understanding between himself and the plaintiffs was incompetent as the expression of an opinion concerning the construction of the lease. p. 328.

7. EVIDENCE. — *Depositions. — Conclusions.—Striking Out.*—The rule making incompetent opinions or legal conclusions applies as well to evidence presented by deposition as to the examination of a witness before the jury. p. 329.

8.  APPEAL. — Review. — Evidence. — Admissibility. — Refusal to Suppress Deposition.—In an action to recover damages for the alleged wrongful removal from plaintiffs' land of buildings erected thereon under a lease, where plaintiffs testified that they had an agreement with the lessee that they should have the buildings as a part of the rental consideration, and the only contradictory evidence consisted of improper and incompetent answers given by the lessee in his deposition, the trial court's denial of a motion to strike out such answers was harmful to plaintiffs.  p. 329.

9.  APPEAL. — Questions Reviewable.—Admission of Evidence.— Briefs.—Appellants' objection to the admission of evidence is not available on appeal, where their briefs do not refer specifically to any evidence, nor disclose that the objection made on appeal was made at the trial.  p. 329.

10.  APPEAL. — Harmless Error.—Admission of Evidence.—Cure by Instructions.—In an action to recover damages for the alleged wrongful removal of buildings erected by a lessee on plaintiffs' land, which adjoined a railroad right of way, error, if any, in the admission of testimony that the buildings in controversy were partly on plaintiffs' land and partly on the railroad's right of way was harmless, where the court instructed the jury that, if the lessee agreed with the plaintiffs to leave the buildings on their premises as their property, it should find for plaintiffs.  p. 329.

From Huntington Circuit Court; Samuel E. Cook, Judge.

Action by Robert Johnson and another against George Gephart and another. From a judgment for defendants, the plaintiffs appeal. Reversed.

Lesh & Lesh, for appellants.

Fred H. Bowers and Milo N. Feightner, for appellees.

HOTTEL, C. J.—This is an appeal from a judgment rendered by the Huntington Circuit Court on a verdict for appellees, in an action brought against them by appellants to recover damages alleged to have been sustained by them by reason of appellees' wrongful acts. The complaint is in one paragraph and alleges that appellees unlawfully entered upon appellants' premises and tore down and removed certain buildings thereon,

and converted the timbers thereof to their own use, whereby appellants were damaged, etc. Appellants assign as error and rely for reversal upon: (1) The overruling of their motion to strike out certain parts of the deposition of Joseph Rocco; (2) the overruling of their motion for new trial.

Appellees, in their answer brief, insist that the appeal should be dismissed for the following alleged reasons: (1) Because the bill of exceptions containing the evidence is not in the record; (2) because "appellants have not complied with Rule 22 in preparing their brief by properly giving page and line of matter referred to in the record"; (3) because appellants have not complied with Rule 25 of this court "by printing all of said brief and by leaving marginal space on the various pages of the brief."

In support of their first reason, *supra,* for dismissal of the appeal, appellees assert in their said brief that the record shows that the bill of exceptions was not filed with the clerk of the trial court after it had been signed by the judge thereof. Any omission or deficiency of the record in said respect has been supplemented and cured by the return of the clerk of the trial court to a writ of *certiorari* issued at the direction of this court by its clerk since the filing of appellees' said briefs. It follows that appellees' said first ground for dismissal no longer exists.

As to their second ground, *supra,* it is sufficient to say that appellants' briefs purport to indicate the page and line of the transcript where the record set out or

1. referred to in such briefs will be found, and appellees have not pointed out wherein appellants have failed in this respect.

As affecting the third ground for dismissal, *supra,* it should be stated that said briefs, except the covers thereof, are printed, and, though their pages have

2. little or no margins, the briefs present at least some of the questions attempted to be raised in such a manner that this court can determine them without reference to the record. Whenever the briefs are sufficient under the rules to present

3. any question, a motion to dismiss the appeal because of the failure of the briefs to comply with such rules will be overruled, and the question or questions so presented considered and determined. *Wheeler* v. *Barr* (1893), 6 Ind. App. 530, 33 N. E. 975; *Stamets* v. *Mitchenor* (1905), 165 Ind. 672, 75 N. E. 579; *Town of New Carlisle* v. *Tullar* (1915), 61 Ind. App. 230, 110 N. E. 1001; *Johnson* v. *Sherwood* (1904), 34 Ind. App. 490, 73 N. E. 180; *Deal* v. *Plass* (1915), 59 Ind. App. 185, 109 N. E. 51; *Smith* v. *Smith* (1915), 59 Ind. App. 169, 109 N. E. 60. It follows that appellants' second and third grounds, *supra*, will not warrant a dismissal of the appeal.

We now consider such of the errors relied on by appellant for reversal as are presented by their briefs.

The first assigned error presents no question

4. (*Radcliff* v. *Radford* [1884], 96 Ind. 482; *Burnett* v. *Milnes* [1897], 148 Ind. 230, 46 N. E. 464), but the rulings of the trial court sought to be presented for review by such assigned error were made grounds of the motion for new trial and are presented by the second assigned error, *supra*. Said rulings present the controlling question in this case, and will be now considered.

The questions and answers of the deposition of said Rocco on which the rulings of the trial court, claimed by appellant to be erroneous, are predicated are as follows: "Q. 2. Have you been engaged in business in Huntington, Indiana, in the last year or so, and do you know Robert Johnson and Albert Johnson, plaintiffs in this suit, and George and Mary Gephart, defendants?"

"A.  Yes, I was engaged in the business of keeping a boarding house while construction work was going on of the Erie Railroad Company in Huntington, * * * from the ——— day of October, 1913, until the ——— day of October, 1914, and I know Robert Johnson and Albert Johnson.  I rented from Albert Johnson certain grounds upon which I built my boarding shacks, one about 18 x 96 and the other 12 x 16, and I know George and Mary Gephart, I sold said buildings or shacks to them when I left there, the larger one they paid me thirty dollars for and the small one, five dollars, and *I had a right to sell them, because I only rented the land from Albert Johnson for the year, agreeing to, and did pay him thirty dollars, and later his wife, who was separated from him at the time, came to me and claimed an interest in the land and I paid her fifteen dollars more, they both claiming that half of the ground belonged to her.*"

* * *

"Question 4.  Did Mr. Johnson ever claim any right to the buildings after you put them there before you sold them to these parties?"

"A.  He did not.  *I just rented the ground from him, and I could do what I pleased with it, it was usual and customary for me to take my buildings from place to place with construction work and camps and I had a right to sell these shacks or buildings to these people and they had a right to move them off, it being the understanding with Johnson and myself in our contract that I should remove them at my pleasure, or allow any one else to remove them that I sold them to.*" (Italics inserted.)

Before the trial, appellants filed their written motion o strike out and suppress the parts of said deposition that we have italicized above, and other parts thereof. This motion was overruled.  Appellees offered this de-

position in evidence at the trial, whereupon appellants again moved to strike out and suppress said above italicized portions and other portions. This motion was overruled, and the deposition, including said portions, was read in evidence, said portions being read over the objection and exception of appellants.

The grounds upon which appellants predicated their motion to strike out and which are now urged in this court are in effect that such italicized matter is

5. not responsive to the questions propounded and involves voluntary statements of the deponent in which he gives his own conclusions as to the effect of his contract with appellants. We think these objections are well taken. The parts of the answers italicized are clearly not responsive to the question propounded, and, while this infirmity in the answers would not, in and of itself, furnish a sufficient ground for reversal if the answers were otherwise competent and unobjectionable (*Baltimore, etc., R. Co.* v. *Morris* [1913], 54 Ind. App. 479, 103 N. E. 35; *First Nat. Bank* v. *Ransford* [1913], 55 Ind. App. 663, 104 N. E. 604; *Eckart* v. *Ft. Wayne, etc., Traction Co.* [1913], 181 Ind. 352, 104 N. E. 762), said matter is equally open to the other objection made by appellants. In this case, the question whether Rocco agreed to give plaintiffs the buildings in controversy as part

6. consideration for the use of the land was the real question in issue, and the ultimate fact to be determined by the jury. As the court said in the case of *American Telephone, etc., Co.* v. *Green* (1904), 164 Ind. 349, 354, 73 N. E. 707, 708: "It is not proper to allow one who is not an expert to express an opinion in any case upon a question with relation to which all the facts may be placed before the jury; and to receive as evidence the opinion of a lay witness upon the precise issue submitted for trial in such case would permit the wit-

ness to usurp the province of the court or jury trying the cause. * * *

"In matters of opinion or legal conclusion of this character (as to whether the witness had authority from the defendant to contract with the plaintiff so as to bind the defendant to pay the plaintiff $40 monthly during his disability from an injury sustained while in the employ of the defendant) the trial tribunal is as well qualified to reason out the resultant opinion as the witness, and under the law it alone is competent to do so." See, also, *Jackson* v. *Todd* (1877), 56 Ind. 406; *Eckart* v. *Ft. Wayne, etc., Traction Co., supra; Week* v. *Rawie* (1911), 48 Ind. App. 599, 96 N. E. 206. This rule applies as well to evidence presented by deposition as to the examination of a witness before the jury. *Week* v. *Rawie, supra.*

Each of the appellants testified positively to an agreement with Rocco that they should have said buildings as a part of the rental consideration. The only evidence contradicting this testimony was that to which said motion was addressed. It follows that said ruling was of controlling influence in the case and was necessarily harmful to appellant.

Appellants object generally to some testimony as to the location of the buildings in question with reference to appellants' farm and the railroad right of way. Their brief does not refer specifically to any testimony, nor does it disclose that the objection now made was made at the trial. For these reasons it is not available. *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 108 N. E. 160. Aside from this, the court instructed the jury, in effect, that if they should find that Rocco agreed with appellants to leave the buildings on their premises as their property, they should find for appellants. In view of this instruction, the testimony of

some of the witnesses that the building was partly on appellants' farm and partly on the right of way cannot have harmed appellants.

Appellants challenge the sufficiency of the evidence to sustain the verdict, and the action of the trial court in refusing to give their instruction No. 3, but in view of our disposition of this appeal, we deem it unnecessary to consider these questions.

Because of the errors in refusing to strike out and suppress the italicized parts of the deposition of Joseph Rocco, above set out, appellants are entitled to a new trial. Judgment reversed and cause remanded, with instructions to the trial court to grant a new trial, and for such other proceedings as are not inconsistent with this opinion.

NOTE.—Reported in 117 N. E. 270.