**BUNDY v. UNITED STATES.**

**CRAIG v. UNITED STATES.**

Nos. 10825, 11024.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 9, 1951.

Decided Nov. 8, 1951.
Writ of Certiorari Denied March 24, 1952.
See 72 S.Ct. 638.

---

15. See cases collected in 137 A.L.R. 894.

Mr. Albert J. Ahern, Jr., Washington, D. C., with whom Mr. James J. Laughlin, Washington, D. C., was on the brief, for appellant Leroy Bundy.

Mr. Grant W. Wiprud, Washington, D. C. (appointed by this Court) for appellant James E. Craig, Jr.

Mr. Joseph A. Sommer, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty. at the time the brief was filed, and Arthur J. McLaughlin and Joseph M. Howard, Asst. U. S. Attys., were on the brief, for appellee. Mr. Charles M. Irelan, appointed U. S. Atty., subsequent to the argument in this case, also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

■ These appeals were consolidated for hearing. Each of the appellants seeks reversal of his convictions of robbery, conspiracy to commit robbery, and carrying a deadly weapon without a license (§ 22–2901, D.C.Code (1940); 18 U.S.C. § 371 (Supp.1951); § 22–3204, D.C.Code (1940, Supp. VII)). On cross-examination of a principal witness for the prosecution, counsel for one of the appellants[1] asked the

witness whether during the years 1938 through 1941 she was not convicted several times of prostitution and vagrancy. In sustaining objection to this question, the court advised counsel that he might ask some particular question but not such a general one. Defense counsel did not pursue the subject further, but proceeded to question the witness on a different point. It was well within the discretion of the court to require a more precise question. If counsel desired to go further into the subject matter he should have reframed his question.

■ It is also urged that the court erred in not requiring the production under subpoena of the arrest record of the same witness. The subpoena was in form a subpoena to testify, with a notation in script regarding the arrest record of the witness. Assuming this made it a subpoena duces tecum, the officer of the Metropolitan Police Department who responded testified that he had no arrest record of the witness in question by the name contained in the subpoena, did not have any record under any other name and did not know that she used two other names mentioned to him by counsel. Assuming, further, that there was an arrest record of this witness under any of the several names by which she might have been known and that the Police Department could be required to produce such record though it were not itself admissible (see Sanford v. United States, 1938, 69 App.D.C. 44, 46, 98 F.2d 325, 327), no prejudicial error appears for the reason that counsel for appellant did not during the trial properly procure any further subpoena for the arrest record under any other name. It is true that after the trial and in connection with the motion for a new trial a subpoena duces tecum to obtain the arrest record desired was issued and served. But it was well within the discretion of the trial court on the motion for new trial not to require then the production of records which had not properly been subpoenaed during the trial itself. Ryan v.

1. In the circumstances of this case and for purposes of this opinion we treat objection made on behalf of either defendant to be available to the other.

United States, —— U.S.App.D.C. ——, 191 F.2d 779.

Material error not appearing from examination and consideration of the record, the judgments are

Affirmed.