INDIANA GAS AND WATER COMPANY, INC. *v.* PRENTICE ET AL.

[No. 30,209.  Filed May 22, 1964.]

*Charles C. Fox, Fox & Fox,* of counsel, of Jeffersonville, *Jerry P. Belknap* and *Barnes, Hickam, Pantzer & Boyd,* of counsel, of Indianapolis, for appellant.

*Robert J. Prentice, Dixon W. Prentice, Prentice & Prentice,* of counsel, of Jeffersonville, *John P. Price,*

and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for appellees.

JACKSON, J.—Appellees, Robert J. Prentice and Dixon W. Prentice, brought this action to enjoin appellant from cutting off gas and water utility service to certain property in Clarksville, Indiana, owned by appellees, for non-payment of utility bills, and for a declaratory judgment determining the rates to be charged appellees by appellant for such service to the property owned by appellees. The trial court granted a temporary restraining order without notice, and set a hearing for a temporary injunction which was thereafter entered, restraining and temporarily enjoining appellant from disconnecting the gas and water utility service to appellees' premises.

The issues were formed by appellees' complaint in one paragraph which alleged, in substance, that appellees owned property at 412 Marshall Avenue, Clarksville, Indiana, on which they constructed five separate buildings, each containing two individual living units. Appellees claimed that the local manager of appellant represented that the service to the property could be billed on a single customer basis and not as ten individual customers. Appellees became a customer of appellant's gas and water utility and have been billed for the service furnished on the basis of ten separate customers rather than on a single customer basis. Appellees admit that they have made no payment for utility services rendered since service was first instituted, but are willing to pay sums owing on the basis of the charges to be made pursuant to representations of appellant's manager in an amount to be determined, that appellant had threatened to discontinue service on account of non-payment of the disputed bill, that appellant's service charges were un-

lawful, that appellant should be enjoined from discontinuing the service and that the court should determine the rates to be charged. There were no other pleadings.

The cause was submitted for hearing on appellees' application for temporary injunction on December 12, 1961, and on January 8, 1962, the court entered an interlocutory order restraining and temporarily enjoining appellant from disconnecting or discontinuing in any way the gas or water utility service to appellees' premises in question until appellees' petition for a declaratory judgment is finally determined by the court. Such order also required appelleees to file additional bond.

This is an appeal to the Supreme Court of Indiana from an interlocutory order as provided by Acts 1921, ch. 251, §1, p. 741, being §2-3218, Burns' 1946 Replacement, which provides:

> "An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases: . . .
> "Third. Granting, or refusing to grant, or dissolving, or overruling motions to dissolve, temporary injunctions, either in term or in vacation."

Appellant's Assignment of Errors contains one specification:

> "1. The court erred in entering the interlocutory order granting the temporary injunction."

On appeal from an interlocutory order granting an injunction, the court does not consider the final merits of the case. *Kist* v. *Coughlin, Tr.* (1936), 210 Ind. 622, 1 N. E. 2d 602; 4 N. E. 2d 533; *Fair Share Organization* v. *The Kroger Co.* (1961), 132 Ind. App. 160, 168, 176 N. E. 2d 205; F. W.

& H. Ind. Tr. & App. Pract., ch. 41, §2159, comment 3. The sole issue is the propriety of granting the temporary injunction, and a determination of this issue does not require a decision on the merits. The court said in *Wise* v. *Curdes* (1942), 219 Ind. 606, 617, 40 N. E. 2d 122:

> "It must be remembered, too, that this was a hearing on an application for a temporary injunction to maintain the *status quo* until the cause could be heard on the merits. Indeed we would be justified in affirming the interlocutory order upon the authority of *Gagnon* v. *French Lick Springs Hotel Co.* (1904), 163 Ind. 687, 72 N. E. 849, 68 L. R. A. 175; *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353, and similar cases, which hold that a temporary injunction may be granted if the trial 'court finds upon the pleadings and evidence such a state of facts as makes the transaction a proper subject for investigation in a court of equity' and that only for abuse of discretion will his order made on such a finding be reversed."

Viewing the temporary injunction in light of the above law, we can only conclude that the trial court's decision was not an abuse of discretion. The appellees have conceded that they owe their utility bill and are willing to pay whatever the court directs. The reasonableness of the temporary injunction is apparent on the face of the complaint, and thus the status quo will be preserved during determination upon the merits.

The judgment of the trial court is affirmed and the cause remanded for final determination on the merits.

Landis, C. J., Achor, Arterburn and Myers, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 608.