MUEHLMAN, ET UX. *v.* KEILMAN, ET UX.

[No. 370S73. Filed September 1, 1971.
Rehearing denied October 20, 1971.]

*Albert C. Hand, Rudolph Tanasijevich,* of Hammond, for appellants.

*William V. Huha, Charles L. Zandstra,* of Highland, for appellees.

HUNTER, J.—This is an appeal from an interlocutory order issued by the Lake Superior Court granting a temporary injunction against the appellants. The action was brought by appellees, Paul A. Keilman and Lorraine Keilman, for an injunction and damages against appellants, Carl F. Muehlman, Jr. and Janice I. Muehlman. Appellees claimed appellants, over a period of four months, maliciously ran, started and raced the diesel engines of their two semi-trailer trucks at all times during the day and night immediately adjacent to appellees' residence property and in close proximity to appellees' bedroom. It was further alleged that the noice and fumes were destructive to the health and comfort to appellees and their family in the use and occupation of their dwelling house and that it had rendered the use of said real estate unhealthy, undesirable, and annoying. It was asserted that such actions of the appellants constituted a nuisance, and appellees sought an injunction to have this nuisance permanently abated, claiming, in addition, damages in the amount of ten thousand dollars ($10,000.00). On March 3, 1970, a hearing was held on appellees' application for a temporary injunction. The trial court, at appellants' request, made special findings of fact and conclusions of law. The trial court found for appellees and granted a temporary injunction against appellants, enjoining and restraining them from starting, idling, and revving their trucks between the hours of 8:30 P.M. and 7:00 A.M. until a further hearing could be had on the permanent injunction. Appeal is taken from this injunction.

Appellants make five contentions of error:

(1) Appellants' actions do not constitute a nuisance, and thus the issuance of the temporary injunction is contrary to law.

(2) The relative inconvenience, damage and injury caused to appellants by the temporary injunction cannot be balanced by any equity on the side of appellees.

(3) The trial court erred in making its special findings of fact and conclusions of law.

(4) The trial court made numerous erroneous rulings upon questions and evidentiary matters, thereby admitting evidence improperly.

(5) The trial court abused its discretion in setting bond at one thousand dollars ($1,000), as it is claimed the damage to appellants far exceeds this sum.

We cannot agree with appellants' contention that these actions cannot constitute a nuisance. Noise, in and of itself, has been held to sufficiently constitute a nuisance. See *Davoust* v. *Mitchell* (1970), 146 Ind. App. 536, 257 N. E. 2d 332; *Sakler* v. *Huls* (1961), 20 Ohio Op. 2d 283, 183 N. E. 2d 152; *City of Chicago* v. *Reuter Bros. Iron Works* (1947), 398 Ill. 202, 75 N. E. 2d 355. To amount to a nuisance, the noise must be unreasonable in degree and reasonableness in this respect is a question of fact. *Davoust* v. *Mitchell, supra; Michaelson* v. *Silver Beach Improvement Association, Inc.* (1961), 342 Mass. 251, 173 N. E. 2d 273; *Stevens* v. *Rockport Granite Co.* (1914), 216 Mass. 486, 104 N. E. 371; *Kobielski* v. *Belle Isle East Side Creamery Co.* (1923), 222 Mich. 656, 193 N. W. 214; *Olsen* v. *Tung* (1934), 179 La. 760, 155 So. 16.

It should also be noted that this temporary injunction did not preclude appellants from operating their trucks, but only concerned starting, idling, and revving them *between the hours of 8:30 P.M. and 7:00 A.M.* Noise made at night during normal sleeping hours may be a nuisance, while the same or even greater noise during the day would not be. *Davoust* v. *Mitchell, supra; City of Rochester* v. *Charlotte*

*Docks Co.* (1952), 114 N. Y. S. 2d 37; *Firth* v. *Scherzberg* (1951), 366 Pa. 443, 77 A. 2d 443; *East Arkansas Construction Co.* v. *James* (1947), 211 Ark. 154, 199 S. W. 2d 589; *Kosich* v. *Poultrymen's Serv. Corp.* (1945), 136 N. J. Eq. 571, 43 A. 2d 15; *Friedman* v. *Keil* (1933), 133 N. J. Eq. 37, 166 A. 194; *Roukovina* v. *Island Farm Creamery Co.* (1924), 160 Minn. 335, 200 N. W. 350; *Kobielski* v. *Belle Isle East Creamery Co., supra.* To borrow from Samuel T. Coleridge's "The Rime of the Ancient Mariner" as quoted by the Michigan Supreme Court in *Borsvold* v. *United Dairies* (1957), 347 Mich. 672, 674, 81 N. W. 2d 378:

"Oh sleep! it is a gentle thing,
Beloved from pole to pole!'

*Firth* v. *Scherzberg, supra,* involved facts quite similar to those in the instant case. Plaintiff sued to restrain defendant from using certain unimproved land as a terminal parking place for tractor-trailer trucks. The court there held that operation of a trucking business on the land was not a nuisance, *per se,* but it did constitute a nuisance in fact in the nighttime so as to require an injunction against such operation from 8:00 P.M. to 7:00 A.M.

Appellants make specific allegations which they claim cause the lower's court's decision to be contrary to law. They first claim there was no injury to appellees' property. However, no actual damage to property need be shown. The nuisance statute in question, IC 1971, 34-1-52-1, (Ind. Ann. Stat. § 2-505 [1967 Repl.]), is as follows:

"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

Nowhere within this statute is there any mention of actual damage to property. In *Owen et al.* v. *Phillips et al.* (1881),

73 Ind. 284, a case cited with approval by appellants, the court stated:

> "Appellants were not bound to prove an injury to the house, . . . The house might have stood as perfect in all its parts, and as free from injury, as it was the day it was built, and still the appellants have had ample cause for injunction. If dust, dirt, smoke and offensive odors essentially interfered with the comfortable enjoyment of the house, . . . the action might be maintained, although not a penny's value of injury was done to the house itself." 73 Ind. at 293.

Indeed, it would be a severe burden to require proof of physical damage, and, with our new understanding of the imminent threats upon the environment of this country, such a requirement would be intolerable. For instance, it might be extremely difficult to show that the smoke and acrimonious odors billowing from the smokestacks of a neighboring factory were doing physical damage to property. If one must wait until the condition is such as to actually cause physical damage to the property, it may well be too late.

Appellants next contend that there was a failure to show irreparable harm.

> "It is a well-settled doctrine that equity will restrain a private nuisance at the suit of the injured party." 4 POMEROY'S EQUITY JURISPRUDENCE 955 (5th ed. 1941).

The general rule in Indiana is that if there is great injury and no adequate remedy at law then an injunction can be issued. *Xenia Real-Estate* v. *Macy* (1897), 147 Ind. 568, 47 N. E. 147; *Champ* v. *Kendrick* (1892), 130 Ind. 549, 30 N. E. 787; *Biggs* v. *Bank of Marshfield* (1929), 90 Ind. App. 467, 169 N. E. 71; *Chappell* v. *Jasper County Oil and Gas Co.* (1903), 31 Ind. App. 170, 66 N. E. 155; *Miller* v. *Bowers* (1902), 30 Ind. App. 116, 65 N. E. 559. Appellants cite the case of *Spurgeon* v. *Rhodes* (1906), 167 Ind. 1, 78 N. E. 228, which apparently requires that the harm be irreparable. However, this is essentially an exercise in semantics. Definitions of "irreparable injury" are somewhat sparse, but we

agree with that found in Black's Law Dictionary 924 (4th ed. 1951):

> "This phrase does not mean such an injury as is beyond the possibility of repair, or beyond possible compensation in damages, or necessarily great damage, but includes an injury, whether great or small, which ought not to be submitted to, on the other hand, or inflicted, on the other; and which, because it is so large or so small, or is of such constant and frequent occurrence, or because no certain pecuniary standard exists for the measurement of damages, cannot receive reasonable redress in a court of law."

Thus, it can be seen that a standard of "irreparable injury" would be nearly synonomous with a standard of great harm coupled with no adequate remedy at law. In fact, the former might require a *less* stringent standard than the latter.

If plaintiff can show great damage and no adequate remedy at law, he is entitled to injunctive relief. A definition of "great damage" is difficult and will depend on the individual circumstances of each case. In the instant case, appellants' conduct has deprived appellees of their sleep which, if allowed to continue over an extended period could be extremely injurious to their health. Appellants' action clearly interfered with appellees' comfortable enjoyment of their property. We consider this sufficient to be considered great damage. Appellees too must show that they have no adequate remedy at law.

> "The power of a court of equity, in a proper case, to enjoin a nuisance is of long standing, and apparently has never been questioned since the earlier part of the eighteenth century. As in other cases of equity jurisdiction, it must appear that recovery of damages at law will not be an adequate remedy; but since equity regards every tract of land as unique, it considers that damages are not adequate where its usefulness is seriously impaired." WILLIAM L. PROSSER, LAW OF TORTS 624 (3d ed. 1964).

In this instance, appellees' enjoyment has been substantially impaired. If their health is damaged it is difficult to perceive

of a truly adequate remedy at law by which they could receive reparation for the injury done. Such conduct is of a continuing nature so that damages would then become a continuing occurrence and require repeated court actions for the complainant to receive reparation. It is extremely difficult to establish a fixed sum as damages for an injury of this sort; such matters as good health and enjoyment of one's property transcend material wealth and defy attempts to affix a price tag to them. IC 1971, 34-1-52-2, (Ind. Ann. Stat. § 2-506 [1967 Repl.]), concerning who may sue on a nuisance states:

"Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance."

IC 1971, 34-1-52-3, (Ind. Ann. Stat. § 2-507 [1967 Repl.]), reads in part: "Where a proper case is made, the nuisance may be enjoined . . ." Clearly, in a case such as the one at bar, injunctive relief is a proper remedy.

Appellants next contend that the evidence was very much in conflict and appellees failed to prove their case by a preponderance of the evidence. The established rule in this state is that when sufficiency of the evidence is questioned on appeal, the court of review does not weigh the evidence but considers only the evidence most favorable to appellee together with the reasonable inferences to be drawn therefrom. *Green* v. *Board of Com'rs of County of Scott* (1969), 251 Ind. 535, 242 N. E. 2d 844; *Murrin* v. *Cook Bros. Dairy, Inc.* (1956), 127 Ind. App. 23, 138 N. E. 2d 907; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. 2d 122; *Wiest* v. *Dirks* (1939), 215 Ind. 568, 20 N. E. 2d 969. Evidence was presented by appellees that on numerous occasions they were awakened from their sleep by the noise from Muehlman's trucks. Appellees testified as to the damaging effect this was having on their household. There was also testimony by other neighbors as to the interference with the enjoyment of their

property caused by appellants' conduct and their annoyance with the manner in which Muehlman operated his trucks. Upon appellants' request, the trial judge himself viewed one of the trucks in front of the courthouse to discern the nature of the noise and fumes. This evidence is sufficient to uphold the trial court's judgment. We note also that we are here concerned with a temporary, not a permanent, injunction. On review it is enough that the evidence shows this to be a proper case for investigation and that the facts are sufficient to show the acts sought to be enjoined should be prevented until a final determination. *Green* v. *Board of Com'rs of County of Scott, supra; Indiana Gas and Water Co.* v. *Prentice* (1964), 245 Ind. 320, 198 N. E. 2d 608; *Wise* v. *Curdes, supra.* An allegation of a nuisance by noise presents a proper case for inquiry. Appellees demonstrated that the nuisance was of such degree as to present a possible hazard to their health and a substantial interference with the enjoyment of their property. The necessary requirements for the issuance of a temporary injunction have been met.

Appellants' second contention is that the relative inconvenience, damage, and injury to them cannot be balanced by any benefit to the appellees under the circumstances. Appellants claim irreparable harm will result from the injunction if enforced; however, there is no evidence on the record to support this. Mr. Muehlman merely said he normally started work between 6:00 A.M. and 9:00 A.M. There was no testimony that he would be injured by precluding him from starting until 7:00 A.M., only that he sometimes started by 6:00 A.M. No showing was made that an occasional one hour delay would cause any harm at all. The time restrictions of the injunction seem a fairly reasonable compromise. *Borsvold* v. *United Dairies, supra,* involved an injunction halting noise from a dairy parking lot between 7:00 P.M. and 6:30 A.M. It was there stated:

"We believe that the restriction against parking or removing vehicles from the lot in question during the hours ordinarily

devoted to sleep in a residential neighborhood represents as reasonable and as fair an application of equity to the current dispute between these parties as could be arrived at." 347 Mich. at 682, 81 N. W. 2d at 382.

If appellants could show at the hearing for a permanent injunction that this would, indeed, cause substantial harm, it should be given great weight. The evidence before us, however, does not so indicate.

Appellants rely on two cases in support of all their above arguments, *Owen et al.* v. *Phillips et al., supra,* and *Meeks* v. *Wood* (1918), 66 Ind. App. 594, 118 N. E. 591. Both can be distinguished from this case. In the *Owen* case, appellants were trying to prevent a flour mill from rebuilding so that to allow the injunction would be to deny appellees' livelihood altogether. The court in that case recognized there must be a weighing of equities and interests when it said,

"A lawful and useful business is not to be *destroyed* by injunction unless the necessity for doing so be strong, clear and urgent." (our emphasis) 73 Ind. at 290-291.

In the instant case, appellants have not shown that any extensive injury will result, much less a destruction of their livelihood. In the *Meeks* case, the injunction had been *denied* by the trial court. There, the Appellate Court conceded there was evidence supporting the nuisance claim, but the evidence was in conflict and the reviewing court examined the evidence in a light most favorable to appellee. That case also involved a hearing on a permanent, not a temporary, injunction.

Appellants' third contention concerns alleged errors in the special findings of fact and conclusions of law. The first claim is an alleged inconsistency by the trial court in finding that the trucks are lawfully kept on appellants' property. This clearly is *not* inconsistent because it is not the keeping of the trucks on the property *per se* which amounts to a nuisance but the manner of their use. See *Firth* v. *Scherzberg, supra.* An otherwise lawful business may be so conducted as to be-

come a nuisance. *Pritchett* v. *Board of Com'rs. of Knox County* (1908), 42 Ind. App. 3, 85 N. E. 32. Appellants also claim an inconsistency in that the same actions precluded at night are allowed during the day. As indicated previously, such a distinction is quite reasonable and helpful in reaching an equitable solution. Appellants next claim the finding that the truck was parked fifty feet from appellees' bedroom was not sustained by the evidence. However, Mr. Muehlman himself so testified. The next contention is that the temporary injunction is too broad and not sufficiently definite in that appellants are restrained "from operating said motor vehicles between the hours of 8:30 P.M. and 7:00 A.M. . . ." without stating in the order what "operating" means or detailing the conduct enjoined. However, just prior to the language appellants refer to, it was stated,

> "The Court now finds that the law is with the Plaintiffs and that they be entitled to a temporary injunction enjoining Defendants from starting, idling and revving said motor vehicles between the hours of 8:30 P.M. and 7:00 A.M."

The order should be taken as a whole, and, in this instance, the total language is sufficiently clear to indicate what conduct is enjoined. Appellants also claim it was improper to include Mrs. Muehlman in the order because there was no evidence that she owned either truck. However, she is most likely joint owner of the property upon which the trucks are kept and by including her in the order it prevents the possibility that she could go out and start the trucks for her husband in an attempt to circumvent the order. In any case, such an insignficant matter should not be sufficient to make a temporary order defective. Appellants' final contention on this matter is that there is a failure to find that the conduct was permanent and continuous. However, there was a finding that the conduct occurred on various occasions, especially during cold weather, depriving appellees of their sleep and interfering with the enjoyment of their property; this is sufficient for the granting of the temporary injunction pending a final hearing.

Appellants' fourth contention is that the trial court permitted leading questions, overly broad questions, and narrative answers to such an extent as to deny appellants a fair hearing. Appellants cite numerous instances concerning these alleged excesses, and it would be unduly burdensome to deal with each example individually in this opinion. Suffice it to say that the trial judge displayed admirable restraint and good judgment in ruling on these objections, many of which were based on tenuous grounds to say the least and, on numerous occasions, no grounds at all. Appellants' attorney sometimes said "I object" without stating any grounds. Such an objection presents nothing to the trial court and thus nothing to this court on appeal. The extent to which these matters are permitted rests primarily within the sound discretion of the trial court, and they will not be considered erroneous without a clear showing of an abuse of discretion. *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. 2d 267; *Indiana Ry. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156; *Week* v. *Rawie* (1911), 48 Ind. App. 599, 96 N. E. 206. As to leading questions, see also, *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823, cert. den. 371 U. S. 958; *Tecumseh Coal and Mining Co.* v. *Buck* (1922), 192 Ind. 122, 135 N. E. 481; *City of Elkhart* v. *Witman* (1890), 122 Ind. 538, 23 N. E. 796. As to broad questions see *Bundy* v. *United States* (D.C. Cir. 1951), 193 F. 2d 694, cert. den. 343 U. S. 908. As to narrative answers, see *Temple* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850. No injustice whatsoever arose from the manner in which the trial court dealt with these matters.

In their final allegation of error, appellants contend that the trial court abused its discretion in setting appellees' bond on the injunction at one thousand dollars ($1,000). They claim their damages and costs will far exceed this amount. TR. 65(C) calls for a bond amount "in such sum as the court deems proper, . . .". Appellants claim the injunction prevents Muehlman from earning his living but

there is no evidence that he will be harmed to any substantial degree, and we require more than a mere contention of a fact not proven at the hearing. Since no abuse of discretion has been demonstrated, we will not disturb the amount of bond established.

For all the foregoing reasons the judgment of the trial court is affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 272 N. E. 2d 591.