GEORGE FAUST *v.* STATE OF INDIANA.

[No. 1-574A76. Filed November 26, 1974.]

*John D. Clouse,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell D. Mill-*branth, Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Faust was charged by affidavit with assault and battery with intent to kill. Trial by jury resulted in a finding of guilty of assault and battery. From the overruling of his belated motion to correct errors, Faust appeals presenting the following issues for review:

(1) Whether opinion evidence by a lay witness was improperly admitted;

(2) Whether a witness was improperly permitted to testify in narrative fashion;

(3) Whether testimony relating to scars on the witness' back should have been excluded as conclusory and invading the province of the jury;

(4) Whether the Prosecutor's remarks and manner of presenting the case warranted the granting of a mistrial; and

(5) Whether improper rebuttal evidence was admitted.

Otis Garrett testified that he had been a neighbor of defendant-appellant Faust for approximately one year prior to the incident in question and that he had experienced "problems" with the latter's dogs entering and damaging his property. His requests that Faust keep the dogs tied being of no avail, on May 5, 1973, Garrett, with the assistance of his mother, proceeded to string a wire along the property line between the houses to fence the dogs out of his property.

Faust emerged from his house and asked Garrett what he was doing. He also told Garrett that he would have the property surveyed and would kill Garrett if the wire was over the property line. Garrett rose from his kneeling position between the fence posts and started walking to show Faust the position of the property line. Faust ran in front of Garrett and approached him making karate motions with his hands and feet. As Garrett turned away, Faust grabbed his head from behind, and both men fell to the ground. By the time they rose to their feet, Faust had drawn a knife. Faust

stabbed Garrett above the right shoulder and began walking away. Garrett picked up a stick and struck Faust on the back. A struggle ensued during which Faust stabbed Garrett three more times. Faust then went into his house.

When police officers arrived at the scene, Faust admitted stabbing Garrett and repeated his threat to kill Garrett if the fence was over the property line. Thereupon, Faust was arrested and taken into custody.

## ISSUE 1.

During direct examination by the State, Garrett was asked whether he had been experiencing problems with the defendant in regard to his property. The court overruled Faust's objection that the question called for a conclusion, and Garrett answered in the affirmative. Faust assigns this ruling as error. We cannot agree.

An exception is recognized to the general rule that opinions and conclusions of a lay witness are objectionable where a particular conclusion is formed from a myriad of impressions gained over a long period of observation of which no verbal recital is adequate to place all the details before a jury. *Healey, Admr.* v. *Healey* (1952), 123 Ind. App. 155, 109 N.E.2d 101.

The evidence reveals that Garrett's conclusion was based on a series of incidents occurring over the period of time during which Faust was his neighbor. We therefore are of the opinion that Garrett's conclusion falls within the above described exception to the general rule. We further note that following the admission of his conclusion, Faust described the nature of the incidents upon which his conclusion was based.

## ISSUE 2.

It is next argued that the trial court erred in allowing Garrett to testify in a narrative fashion concerning the altercation with Faust.

The decision to permit testimony in narrative form rather than by question and answer is primarily committed to the sound discretion of the trial court. *Temple* v. *State* (1964), 245 Ind. 21, 195 N.E.2d 850; *Muehlman* v. *Keilman* (1971), 257 Ind. 100, 272 N.E.2d 591. While it is urged that the possibility of inadmissible evidence being introduced into the record is heightened during narrative testimony, appellant has directed our attention to only one such instance during Garrett's testimony. Appellant's objection in that instance was sustained.

Having examined Garrett's testimony, we must conclude that Faust has wholly failed to demonstrate that the court abused its discretion in permitting the narrative account of the assault.

## ISSUE 3.

During presentation of the State's case, Garrett was asked to remove his coat and shirt and display his back to the jury. While doing so, the witness was asked whether there were any scars on his back from the knife wounds inflicted by Faust. Appellant objected to the question on the grounds that it invaded the province of the jury, which objection was overruled.

Appellant's contention that the court committed reversible error in permitting Garrett to describe the scars on his back is wholly without merit, especially since Faust admitted stabbing Garrett.

## ISSUE 4.

During direct examination of Sgt. Russell Lang, one of the investigating police officers, the prosecuting attorney attempted to inquire into the physical condition of Garrett's residence. Appellant's objection to the question was sustained. The prosecutor then explained that the relevancy of his inquiry was grounded on the fact that the problems between Garrett and Faust were based on the property in question.

Appellant's attorney responded that persons in criminal proceedings should not be judged by the type of home in which they live, and the court once again sustained the objection. The prosecutor continued to insist that the purpose of his question was to show the basis for the problem out of which the stabbing arose. At that point, appellant's attorney moved for a mistrial on the grounds of misconduct of the prosecuting attorney. The court denied the request, and admonished the jury that it was not to consider the remarks of the prosecuting attorney in determining Faust's innocence or guilt.

As our Supreme Court recently stated in *Lynch* v. *State* (1974), 262 Ind. 360, 316 N.E.2d 372:

> "Because of the wide variety of possible occurrences at a trial which may trigger motions for a mistrial on the part of a defendant our review of a trial court's decision on such matters must of necessity be grounded on the particular facts and situations of each case. *Martin & Thornton* v. *State* (1974), [262] Ind. [232], 314 N.E.2d 60; *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312. Moreover, since the trial judge who initially rules on such a mistrial motion is in a more advantageous position than an appellate court to accurately gauge the surrounding circumstances of the conduct and its probable impact on the jury we afford the trial court significant discretion and deference in its ruling. *Gregory* v. *State* (1972), [259] Ind. [295], 286 N.E.2d 666."

We are of the opinion that the court's admonition to the jury was sufficient to cure any error which may have been injected due to the prosecuting attorney's insistence upon the propriety of his question. It is urged, however, that in considering whether appellant was denied a fair trial, the above comments of the prosecuting attorney must be considered together with testimony subsequently elicited from the same witness.

The testimony to which our attention is directed consists of responses to two separate questions propounded by the prosecuting attorney during re-direct examination of Sgt. Lang. The first consists of a description of the dilapidated

condition of the porch of appellant's residence. The second consists of testimony from which it might be inferred that appellant, a black person, was living with a white woman. Faust concedes that he failed to object at the time these items of testimony were given. However, he urges that they were covered by his previous objection to the question concerning the condition of Garrett's residence, citing the following rule found in *State* v. *Monninger* (1962), 243 Ind. 174, 182 N.E.2d 426:

> "*** where a sufficient and specific objection has been made to testimony, it is not necessary to repeat the objection whenever testimony of the same class is offered. * * *"

We are of the opinion that the above cited rule is not applicable in the case at bar. In *Monninger* the objection made was overruled, whereas Faust's initial objection in the case at bar was sustained. The validity of this distinction lies in the purpose underlying the rule stated in *Monninger.*

In *Neuwelt* v. *Rouch* (1949), 119 Ind. App. 481, 85 N.E.2d 506, this court quoted the following passage from 53 Am. Jur., *Trials*, § 146.

> "It is generally held that when an objection has once been distinctly *made and overruled,* it need not be repeated to the same class of evidence, since it may be assumed that the court will adhere to the ruling throughout the trial." (Our Emphasis.)

Further, at 28 I.L.E., *Trial*, § 63, it is stated:

> "*Repetition.* Where an objection to evidence is distinctly made and overruled it need not be repeated to the same class of evidence subsequently received. This is true, because the law does not require the doing of useless things, and the court having once ruled upon a proper and timely objection, counsel are not required to incumber the record by making the same objection to the same offered testimony when offered later in the trial."

The problem with applying the rule to objections which are *sustained* is that it requires the judge to recall each ob-

jection made by either counsel and to·invoke it when-ever appropriate. This would create an impossible and unnecessary burden for the trial judge, and would shift upon him a task which is more appropriate in an adversary proceeding for the trial counsel. The trial judge should be able to deny, upon his own initiative, the admission of· incompetent evidence, but should otherwise be permitted to rely on the general presumption that proffered matter is admissible. See, 4 Jones on Evidence § 28.1 (6th Ed. 1972). Under our interpretation of the rule, then, appellant must be considered to have waived the alleged error with respect to the last two instances of testimony which he now finds objectionable. Having reached this result, we need not determine the admissibility of these items of testimony.

With respect to the motion for mistrial, appellant has failed to demonstrate that the prosecutor's comments immediately precedent thereto had a discernible and apparent effect on the verdict of the jury. We find no abuse of discretion in the court's ruling.

## ISSUE 5.

Appellant's final argument is that the court erred in over-ruling his objections to certain evidence adduced by the State during rebuttal. The objections were directed to testimony by Sgt. Lang and another investigating officer, Allen Byers, which identified Lang as the first officer at the scene and presented Officer Byers' version of what transpired between himself and Lang at the scene. Appellant submits that the testimony was improper on the grounds that it was not introduced to rebut appellant's case, but rather was related to the State's case in chief.

In *Trinkle* v. *State* (1972), 153 Ind. App. 524, 288 N.E.2d 165, it is stated:

> "We are inclined to agree with the State's argument that the witness' testimony was proper rebuttal evidence, however, even if it is assumed arguendo that the testimony

should have been introduced as part of the State's case in chief, we recognize that it is within the sound discretion of the trial court to permit a witness to testify during rebuttal regarding a matter which is not in rebuttal but is related to the State's case in chief, and the irregularity in so doing will not be treated as reversible error unless the defendant was prevented from presenting rebuttal evidence thereto. *Griffith* v. *State* (1959), 239 Ind. 321, 157 N.E.2d 191; *Hollowell* v. *State* (1971), [256] Ind. [467], 269 N.E.2d 755."

Without deciding whether the testimony complained of was competent rebuttal evidence, we must conclude that appellant has failed to demonstrate reversible error with respect to this issue. Even assuming the admission of the testimony to be improper, appellant has wholly failed to demonstrate that such error was prejudicial. See, Ind. Rules of Procedure, Trial Rule 61. Further, appellant makes no allegation that he was prevented from presenting evidence in rebuttal thereto. We therefore cannot find any abuse of discretion.

Appellant having failed to demonstrate reversible error, the judgment must be affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 319 N.E.2d 146.