Dennis Jay SCOTT, Appellant,

v.

STATE of Indiana, Appellee.

No. 381S69.

Supreme Court of Indiana.

April 29, 1982.

Douglas D. Seely, Jr., Mishawaka, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of burglary and rape. He was sentenced to two terms of ten (10) years and fifteen (15) years respectively. The terms were ordered to be served consecutively.

The record reveals the victim was awakened by her assailant in the early morning and was raped. She later discovered sixty dollars ($60) missing from her purse. The victim was unable to identify the rapist. However, two latent palm prints were lifted from the bathroom wall. A latent fingerprint was lifted from a screen that had been removed from the bathroom window.

Appellant first claims the trial court erred by exercising its judicial discretion in seven separate instances unfavorable to him. He alleges the cumulative effect of these discretionary rulings prejudiced him so as to deny him a fair trial.

During trial appellant objected to the admission of a set of his prints obtained approximately one year after the commission of the burglary and rape for the purpose of comparison with prints lifted at the scene. The fingerprint card, which was provided to defense counsel during pretrial discovery, identified appellant as a prisoner who was in custody for an offense unrelated to the present offense. The trial court sustained appellant's objection. The State then moved for an order requiring appellant to submit to finger and palm print examination. Appellant moved for a mistrial or alternatively a continuance on the grounds that he would have no opportunity to have the new prints compared with the prints obtained at the scene of the offense and that his fingerprint expert was located outside of Indiana. Both motions were denied. After researching the issue during a brief recess, the State withdrew its opposition to the motion for a continuance. The trial court then granted the motion for a period of three days.

Compelling appellant to submit to fingerprints is not erroneous. *Frances v. State*, (1974) 262 Ind. 353, 316 N.E.2d 364. Nor did the granting of the continuance, originally requested by appellant prejudice him. The purpose of the continuance was to allow appellant to compare the two sets of fingerprints. It did not serve to prejudice him in any manner.

Appellant alleges the trial court erred by allowing a State's witness to be recalled for further questioning. Officer Brassel's testimony had been video-taped in anticipation of his absence during the trial. Because of the continuance, Officer Brassel was available to testify regarding the chain of custody of the fingerprint cards. Appellant alleges the trial court's admission of Officer Brassel's testimony without reservation of the witness was erroneous.

It is within the discretion of the trial court to permit the State to ask an omitted question. *Hopkins v. State*, (1975) 163 Ind.App. 276, 323 N.E.2d 232. In *Anthony v. State*, (1980) Ind., 409 N.E.2d 632, this Court held the trial court did not err in permitting the State to reopen its case after having rested to more completely present facts with respect to venue. We likewise believe the trial court did not abuse its discretion where, as here, the officer was allowed to testify to establish the chain of custody of a lifted print when he was available to do so after the continuance was granted.

Appellant claims the trial court erred by admitting State's Exhibit 21. He argues the evidence establishing the chain of custody was based on conflicting testimony of two police officers, each stating he lifted the print. The record reveals State's Exhibit 21 was one half of the palm print lifted from the bathroom wall of the victim's residence. State's Exhibit 1 was the remainder of the print. Due to the size of the print, two cards were required to lift the print. Two officers worked together to effect the lift. The cards were joined by tape. One officer testified he took the card to the police property room. The State's fingerprint expert testified Exhibits 1 and

21 were originally joined by tape when he received the cards and constituted one palm print.

■ The reception of evidence is within the trial court's discretion. The ruling on admissibility will not be disturbed on appeal absent an abuse of discretion. *Misenheimer v. State*, (1978) 268 Ind. 274, 374 N.E.2d 523. Given the above facts, we find no abuse of discretion.

■ Appellant claims the trial court erred by allowing the State's FBI fingerprint specialist to testify in a narrative fashion, approximately three feet from the jury. The witness was demonstrating comparison points from enlarged fingerprint cards. Permitting testimony in narrative form rather than by question and answer is within the discretion of the trial court. *Faust v. State*, (1974) 162 Ind.App. 259, 319 N.E.2d 146. In reviewing the testimony, we find no abuse of discretion occasioned by the form of the testimony. Moreover, all such testimony emanating from the enlargements was struck on the grounds that no foundation for the illustrations had been established. The trial court properly admonished the jury to disregard the testimony. Although appellant argues the admonition was inadequate to reduce the prejudicial effect on the jury, an admonition is ordinarily presumed to cure error, if any occurred. *Page v. State*, (1980) Ind., 410 N.E.2d 1304. Furthermore, the expert had stated previous to any of the stricken testimony that the palm prints lifted from the scene and the ones provided for comparison were made by the same palm. Thus, the incriminating testimony was properly heard by the jury before testimony from the illustrations was elicited. We find no error.

■ Appellant claims the trial court abused its discretion by allowing the State to reopen its direct examination of its fingerprint expert after a portion of his testimony had been stricken. Appellant concedes the ruling is within the discretionary ambit of the trial court. *Anthony, supra; Faust, supra.* No abuse occurred.

Appellant claims the trial court erred in denying his motion for mistrial, made after the State was allowed to reopen its direct examination of the fingerprint expert. He argues the jury being exposed to the expert's testimony, having been admonished to disregard it, and then to hear the expert restate the same matters after testifying as to the authenticity of the illustrations was so confusing and prejudicial that he was denied a fair trial. The record reveals the State elicited the process utilized in preparation of the enlargements. However, defense counsel's objection to their admission was sustained. The expert consequently was precluded from any further demonstration by use of the illustrations.

■ The granting of a mistrial is within the discretion of the trial court. The motion must be granted when the underlying event at trial has placed the defendant in a position of grave peril to which he should not have been exposed. *Bailey v. State*, (1980) Ind., 412 N.E.2d 56. The stricken testimony was preceded by the expert's incriminating opinion that the palm prints lifted from the victim's home and the comparison card were made by the same palm. The jury had been properly admonished to disregard the objectionable testimony which was not repeated after the State was allowed to reopen its direct examination. We, therefore, do not believe appellant was placed in a position of grave peril. The trial court did not err by denying the appellant's motion for mistrial.

■ Appellant next claims the trial court abused its discretion by suggesting to the prosecutor what he should do. When the objection to the admission of the illustrations was sustained on the grounds of an inadequate chain of custody, the trial court, agreeing with defense counsel, then stated "all you have to do is ask the question." We do not believe this comment can be equated with helping the prosecution in the presentation of its case. Additionally, the State did not re-offer the exhibits into evidence. If any error, in fact, occurred, it was harmless. We find no abuse of the trial court's discretion.

Appellant urges the cumulative effect of the above allegations of abuse prejudiced him to the extent he was denied a fair trial. In examining each specification, we have failed to find any abuse of discretion or prejudice accruing to the appellant.

■ Appellant claims the trial court erred by denying his motion for judgment on the evidence. However, appellant waived this allegation of error by proceeding to introduce evidence in defense after the motion was denied. *Simpson v. State*, (1978) 269 Ind. 495, 381 N.E.2d 1229.

■ Appellant alleges the trial court erred by failing to grant his motion for judgment notwithstanding the verdict of the jury. In *Moore v. State*, (1980) Ind. 403 N.E.2d 335, this Court held the trial court has the duty to examine the evidence to ascertain whether there is evidence to support the verdict of the jury beyond a reasonable doubt. Appellant's allegation of evidentiary insufficiency raised in his motion to correct errors was fully presented to the trial court. By denying the motion, the trial court in its discretion found the evidence sufficient to establish the appellant's guilt beyond a reasonable doubt.

*Moore, supra,* authorizes the trial court to weigh the evidence and judge the credibility of witnesses. The trial judge and jury are similarly situated. The judge is exposed to the testimony and demeanor of the witnesses. In *Lowery v. State*, (1925) 196 Ind. 316, 322, 148 N.E. 197, 197, this Court stated:

> "But, after [the trial judge] has approved the verdict, an appellate court, to which the evidence comes only in written or printed form, can consider only the question whether or not there is any evidence which if believed, will support the verdict."

Looking to the evidence most favorable to the State, the record reveals three latent palm and fingerprints were lifted from a screen removed from a bathroom window and from a bathroom wall inside the victim's residence. Testimony during the trial revealed that entrance was made through the bathroom window of the residence. The victim stated she had never authorized appellant to enter the premises.

Appellant cites *Hightower v. State*, (1971) 256 Ind. 344, 269 N.E.2d 10, to support his proposition that something more is required than fingerprint identification to support a verdict of guilty. In *Hightower*, we held fingerprints found on objects in the victim's home and stolen goods in the appellant's home supported the guilty verdict. In *Powell v. State*, (1974) 160 Ind.App. 557, 312 N.E.2d 521, the Indiana Court of Appeals held the appellant's latent fingerprint on a television identifying appellant in the victim's residence was sufficient evidence to support the verdict. The evidence in that case showed that all possibilities of legitimate contact with the television were foreclosed. By the testimony produced during the trial in the case at bar, it was shown that no consent to enter the premises was given to the appellant and that the prints lifted were located at the place of entry in the residence. We find the evidence sufficient to support the verdict of guilty.

The trial court in all things is affirmed.

All Justices concur.